ALBANY,
Feb. 1826.

Guilderland
v.
Knox.

---

The Overseers of the Poor of the town of Guilderland *against* The Overseers of the Poor of the town of Knox.

On certiorari to the general sessions of Albany. Two justices made an order, October 19th, 1822, removing Patience York, a free woman of color, and her children, from Knox to Guilderland, (Albany county,) on which the paupers were delivered, October 21, 1822. Guilderland, on the 14th of December, 1821, gave notice of an appeal to the sessions, at their next term commencing the 2d Tuesday of March, 1823.

On the hearing at June term, after the appellant had sworn several witnesses on the merits, the respondents objected that notice of the appeal should have been given for the December term of the sessions, preceding; as the order was served in October; and the statute confined the right of appeal to the next sessions; and, because it did not appear from the minutes of the Court, that the appeal had been then entered, and continued. But it appearing that the appeal was then filed; and that the respondents had come in and prayed time from March to June term, the objection was overruled; although no entry of giving time was actually made by the clerk.

The appellants proved an order of removal of Patience and her children, made by two justices of Stephentown,

*It is too late for the respondents, on appeal to the sessions, from an order of removal, to object that the notice of appeal was not in season; after they have appeared, and prayed, and obtained time for a · hearing upon it.*

*It seems, that an order of removal may be served by the pauper himself delivering it to the overseers of the poor of the town to which he is removed.*

*But the mere circumstance that the overseers of the town found the or-*der among the papers of their predecessors, is not sufficient proof of service.

The services of an indented apprentice may be assigned by the original master to another; and his service under such assignment, for two years, in a town distinct from that where the master resides, gains him a settlement in that town.

And it is enough that such service be by the privity and consent of the original master; though there be no written assignment.

An agreement, for consideration, that an apprentice shall serve another, is binding as between the parties.

Guilderland
v.
Knox.

Rensselaer county, dated July 18, 1811, adjudging her settlement in Berne, (Albany county,) of which Knox was a part; and ordering her to be removed to that place. Patience swore that she and her children were conveyed on this warrant from constable to constable, &c. through several towns to a constable of Berne, who sent her with the warrant to one Wells, then an overseer of the poor of Berne, to whom she delivered it.

This was denied by Wells, called for the respondents, who swore that he had no recollection of seeing the order during the year in which Patience, the pauper, came to his house; but he had been informed by the respondents that the order was found among the overseers' papers of their predecessors in office, among the town papers of the town of Berne.

The testimony of Patience was otherwise impeached.

The respondents also proved that 13 years before the hearing, Patience was married to Ichabod, a black man, in the town of Berne; and lived with him there.

They also proved that Ichabod was bound by his father and mother to Eliakim Williams, by indenture, in Connecticut, about 30 years before the hearing; and he then removed with him to the town of Berne, Ichabod being about three years old. He kept Ichabod till 16 years old; when he assigned him, by delivering the indenture, for the consideration of $40, to John Howard, of Guilderland, with whom he served in that town, till 21. Howard gave Williams a bond to perform his duty to Ichabod. It was agreed that, if the paupers were settled in, or chargeable to Berne, they now belonged to Knox, which was formerly a part of Berne.

The sessions, at their September term, 1823, adjudged that the order appealed from should be affirmed, and the appeal dismissed; upon which the appellants brought their certiorari to this Court.

*J. M'Kown* and *I. Hamilton*, for the plaintiffs in error. The appeal was regularly entered and noticed; and if not, the objection on this head came too late. It was waived. The whole proceeding was, in this respect, a mere matter of practice, and discretionary with the sessions. (1 R. L. 285, s. 17, 19.)

The indentures of apprenticeship were void, the apprentice not being a party. (8 John. 328.)

The assignment was void. The master had no power to assign his apprentice; and he must be deemed to have served in Knox. The indenture is personal and fiduciary; and if it was a service at all, it was under the original master. (Burr. Set. Cas. 320. 1 Mass. Rep. 172. Reeve's Dom. Rel. 344.) It was no more than a service for wages under the first indenture. (Cond. Gen. Poor, 356, Backus' ed. 1819, and the cases there cited.)

The Stephentown order was conclusive. It was enough that it came to the possession of the overseers of Berne, so as to put them on inquiry. Patience, the pauper, and her children, were removed to that place. There is no need of the constable's delivering the order personally. It is not so much in the nature of process as to require the delivery by an officer in any way. The statute contemplates a voluntary removal; and it was only in default of the paupers, obeying the order themselves, that they could be sent by a constable. If paupers go voluntarily, and notice comes to the overseers, they must appeal. It will be intended, that the court below adjudged that it came to the hands of the Berne overseers properly; and denied the legal effect to the proceeding.

*Hamilton*, cited Burr. Sett. Cas. 664, No. 207; 2 Const's ed. of Bott's P. L. 74, 118, No. 801; Carth. 449; 18 Vin. 470, Removal (L) pl. 2; (H) pl. 1; 3 T. R. 150; 7 id. 200; 1 R. L. 34, 47, 131, 135, s. 2, 6, 8; 2 R. L. 203, s. 5 & 6; 2 Jones & Varick's ed. of Laws N. Y. 197, s. 2, 14; Burr. Sett. Cas. 272, 540; 4 T. R. 770; 2 Cowen, 541; Burr. Sett. Cas. 656; 8 T. R. 379; 3 id. 380; 9 E. 295; 2 Str. 1172-3; 6 T. R. 615; 8 T. R. 620.

*M. T. Reynolds*, contra. The sessions passed on the right of appeal, and the merits, at the same time; and this court will not separate them. It may fairly be presumed, that they dismissed the appeal, affirmed, or refused to interfere with the order, (which are the same thing in effect,) on the ground that gross neglect had defeated all right of

ALBANY,
Feb. 1826.

Guilderland
v.
Knox.

ALBANY,
Feb. 1826.

Guilderland
v.
Knox.

appeal. In this they decided correctly. (3 T. R. 504. id. 193.) The appeal was not even entered and continued.

The Stephentown order was not conclusive. Whether such an order is conclusive on any one, except the town procuring it, is still unsettled in the English courts. (1 Str. 1172. 6 T. R. 615. 1 id. 353. 4 id. 651.) Our statute (1 R. L. 282, s. 10.) provides expressly that no one shall gain a settlement by an order of removal. There is no such provision in the English acts.

But the order was never legally executed. The statute contemplates its execution by a constable ; and it uniformly commands him to deliver the order, or a copy, to the overseers. This accords with good sense. The 10th section (1 R. L. 282) imposes a penalty on the overseers refusing to receive the paupers. Official notice should, therefore, be given. They would not be liable on an unofficial delivery. (Burr. Sett. Cas. 664.) In *Adams* v. *Foster*, (20 John. 452, 455,) it was held, that delivery of a copy was of no avail, unless accompanied with the delivery of the pauper. The overseers could not, in this case, know how the pauper came. The order is ex parte. Strict notice should, therefore, be required, to give a full and fair chance of appeal.

It is well settled, that the indentures of service were valid for the purpose of gaining a settlement to Ichabod, the husband, in the town of Guilderland. (Doug. 70. 1 Str. 10. 2 id. 1001, 1115. 3 T. R. 605.)

The original indenture was valid. (6 Mass. Rep. 278.)

*Curia*, per WOODWORTH, J. The objection, that notice of the appeal was not served before December term, came too late. The respondents appeared at March term, and prayed that the appeal be continued. This was a waiver.

The order of Stephentown is not conclusive on Berne ; because not regularly served. Patience York testified, that she delivered the order, the day after her arrival in Berne, to one of the overseers of the poor, who treated it as a valid service ; and said he would give her a certificate. If this statement had not been materially impeached, perhaps the service would be deemed sufficient ; as in that case there

was a reasonable time for the town of Berne to appeal. Wells, the overseer, denies the receipt of the order, or any knowledge of it during that year. Its discovery afterwards among the papers of his successors, is insufficient. When the order was received, is not shown. It may have been long after the time had elapsed for entering an appeal. It would be unsafe and unjust to conclude a town on such evidence.

The question then arises, was the settlement in Guilderland? This will depend on the settlement of Ichabod, the husband. He was the apprentice of Williams, who lived in Berne. Williams gave the indenture to Howard, who lived in Guilderland, for $40; but made no assignment in writing. Howard gave a bond to indemnify Williams. In consequence of this agreement the apprentice went to live with Howard, at the age of sixteen; and served with him the remainder of his term, being five years.

Although, in strictness, an apprentice is not assignable over; yet, where the master makes an agreement that another shall have the service of his apprentice, it is a valid contract between the parties, although it does not alter the legal interest of the apprentice. It seems to be well settled that the apprentice need not continue in the actual service of the first master, during the whole term; but that if he be assigned over by the first master, and continue with his privity and consent, in the service of another person, he may gain a settlement by serving the second master.

In this case, the indenture was handed over to Howard. Williams received compensation for the residue of the term, and consented that Howard should have the benefit of the services. The apprentice was placed in a situation to gain a settlement in Guilderland, if he continued to serve the time required by the statute, (1 R. L. 279.) This doctrine is fully supported by adjudged cases. (12 Mod. 554. Burr. Sett. Cas. No. 5, 91, 95, 133, 186. 1 Strange, 10. 2. Strange, 1001, 1115. 3 D. & E. 607.)

I am of opinion that the apprentice gained a settlement in Guilderland; and that the order of the sessions be affirmed.

Order affirmed.